FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 FEB 21 AM 8:19
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

CATERPILLAR FINANCIAL SERVICES
CORPORATION,

    Plaintiff,

vs.

DEDRIC NESBITT,

    Defendant.

CIVIL ACTION NO.
CV 317-050

O R D E R

On August 11, 2017, Plaintiff Caterpillar Financial Services Corporation ("Caterpillar") filed a Complaint seeking recovery of damages on defaulted guaranties executed by Defendant Dedric Nesbitt.

Defendant Nesbitt was served with process but failed to appear, plead or otherwise defend the action within the prescribed time period. Accordingly, the Clerk of Court entered default against Defendant Nesbitt on October 2, 2017. (Doc. No. 7.) On October 26, 2017, Plaintiff Caterpillar filed a motion for default judgment.

"Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded

or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Senecar Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

1. Jurisdiction

The parties in this case are diverse: Caterpillar is a Delaware corporation with its principal place of business in Tennessee. (Compl. ¶ 1.) Caterpillar claims it is owed well over $75,000, so the amount in controversy requirement is satisfied. (Id. ¶ 3 & Prayer for Relief.) The Court therefore has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Moreover, this Court has personal jurisdiction over Defendant Nesbitt because he resides in the State of Georgia. (See id. ¶ 4.)

2. Liability

Based on Caterpillar's allegations and the evidence of record, the Court is satisfied that the well-pleaded allegations of the complaint state a cause of action against

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

2

Defendant Nesbitt for the recovery of amounts owed under the Guaranties executed by Defendant Nesbitt. In particular, Plaintiff has submitted four Installment Sales Contracts wherein non-party GCF Services, LLC, financed the purchase of heavy equipment.[2] These Contracts are attached as Exhibits 1 through 4 to the Affidavit of Crayonnia Mallory, a special account representative for Plaintiff Caterpillar. Defendant Nesbitt executed two Guaranties, dated May 14 and May 22, 2015, obligating him to pay all present and future indebtedness, obligations, and liabilities of GCF Services, LLC. The Guaranties are attached as Exhibits 5 and 6 to the Mallory Affidavit.

In the complaint, Caterpillar alleges that GCF Services, LLC, has failed to make the required payments under its Chapter 11 Plan of Reorganization and that the Contracts are in default. (Compl. ¶ 14.) Caterpillar notified Defendant Nesbitt in writing of the defaults, accelerated the indebtedness due under the Contracts, and demanded payment. (Id. ¶ 15 & Ex. 11.) Defendant Nesbitt has failed to pay the amount due under the defaulted Contracts. (Id. ¶ 17.)

Upon these facts, Plaintiff Caterpillar has established the liability of Defendant Nesbitt under the Contracts through

---

[2] The seller in these Contracts was Yancey Bros. Co., which subsequently assigned its rights and remedies under the Contracts to Plaintiff Caterpillar. (Mallory Aff., Exs. 7-10.)

3

the executed Guaranties.

   3.   Damages

"While well-pleaded facts in the complaint are deemed admitted, [a plaintiff's] allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." Whitney Nat'l Bank v. Flying Tuna, LLC, No. 11-0249, 2011 WL 4702916, at *3 (S.D. Ala. Oct. 4, 2011). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." Id. at 1232 n.13. Because this Court has all the relevant evidence to consider damages without holding an evidentiary hearing, the Court will determine damages at this time.

Through the affidavit of Crayonnia Mallory, Plaintiff Caterpillar seeks outstanding and unpaid indebtedness on each contract in principal and accrued interest as of October 3, 2017, with additional interest to accrue each day from October 3, 2017 until the date of judgment, plus insufficient funds fees and reasonable attorney's fees.

With respect to attorney's fees, the Court finds that each of the four Contracts provide that the debtor will be liable for reasonable attorney's fees. Further, Plaintiff Caterpillar has complied with the statutory requirements of O.C.G.A. § 13-1-11 by providing Defendant Nesbitt with written notice of its intent to collect attorney's fees.[3] Because the Contracts do not identify a specific percentage for recovery of attorney's fees, the statute sets the amount at 15 percent of the first $500.00 of principal and interest owing and 10 percent of the amount of principal and interest owing in excess of $500.00. See O.C.G.A. § 13-1-11(a)(2).

Upon the sworn affidavit of Crayonnia Mallory, the evidence of record, and the relevant law, the Court makes the following findings with respect to each Contract and the damages for which Defendant Nesbitt is liable through the executed Guaranties:

---

[3] Under O.C.G.A. § 13-1-11, a provision for the payment of attorney's fees in any note or other evidence of indebtedness is valid and enforceable. A party who seeks to collect attorney's fees allowed by O.C.G.A. § 13-1-11 must give the debtor written notice after maturity. The notice must state that the debtor has ten days to pay the principal and interest due to avoid the imposition of attorney's fees. Plaintiff Caterpillar complied with this requirement as evidenced by the letter appended to the complaint as Exhibit 11.

5

| CONTRACT | Principal | Interest through 10/3/17 | Interest from 10/3/17 through Date of Judgment 2/21/18 | SUBTOTAL | Attorney's Fees | Insufficient Funds Fees | TOTAL |
|---|---|---|---|---|---|---|---|
| 1 | $128,892.93 | $2,964.24 | $3,028.68[1] | $134,885.85 | $13,513.59 | $25.00 | $148,424.44 |
| 2 | $247,499.96 | $6,930.00 | $5,816.25[2] | $260,246.21 | $26,049.62 | $25.00 | $286,320.83 |
| 3 | $193,646.46 | $5,421.36 | $4,550.07[3] | $203,617.89 | $20,386.79 | $25.00 | $224,029.68 |
| 4 | $248,526.45 | $6,958.56 | $5,840.22[4] | $261,325.23 | $26,157.52 | | $287,482.75 |
| TOTAL | | | | | | | $946,257.70 |

---

[1] The rate of interest on Contract 1 is $21.48 per day. Accordingly, the accrued interest from October 3, 2017 is $21.48 x 141 days = $3028.68. Attorney's fees are computed at 15% for the first $500 and 10% for amount owing in excess of $500, or ($500 x 15% = $75) + ($134,385.85 x 10% = $13,438.59) = $13,513.59.

[2] The rate of interest on Contract 2 is $41.25 per day. Accordingly, the accrued interest from October 3, 2017 is $41.25 x 141 days = $5816.25. Attorney's fees are computed at 15% for the first $500 and 10% for amount owing in excess of $500, or ($500 x 15% = $75) + ($259,746.21 x 10% = $25,974.62) = $26,049.62.

[3] The rate of interest on Contract 3 is $32.27 per day. Accordingly, the accrued interest from October 3, 2017 is $32.27 x 141 days = $4550.07. Attorney's fees are computed at 15% for the first $500 and 10% for amount owing in excess of $500, or ($500 x 15% = $75) + ($203,117.89 x 10% = $20,311.79) = $20,386.79.

[4] The rate of interest on Contract 4 is $41.42 per day. Accordingly, the accrued interest from October 3, 2017 is $41.42 x 141 days = $5840.22. Attorney's fees are computed at 15% for the first $500 and 10% for amount owing in excess of $500, or ($500 x 15% = $75) + ($260,825.23 x 10% = $26,082.52) = $26,157.52.

<u>Conclusion</u>

Upon the foregoing, the Clerk of Court is directed to **ENTER JUDGMENT** against Defendant Dedric Nesbitt and in favor of Plaintiff Caterpillar Financial Services Corporation in the amount of $946,257.70. **IT IS FURTHER ORDERED** that interest will continue to accrue upon the judgment amount at the current federal rate until said amounts are paid in full. The Clerk is further directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE